**Bademba DIALLO, Petitioner,**

v.

Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.

No. 04–1900–AG.

United States Court of Appeals, Second Circuit.

Feb. 9, 2006.

H. Raymond Fasano, New York, New York, for Petitioner.

Rod J. Rosenstein, United States Attorney, James A. Frederick, Assistant United States Attorney, Baltimore, Maryland, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. ROBERT A. KATZMANN, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of this decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part, the BIA's order is VACATED in part, and the case is REMANDED to the BIA for

1. Pursuant to Federal Rul of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

further proceedings in accordance with this decision.

Bademba Diallo, through counsel, petitions for review of the BIA's order affirming the decision of an immigration judge ("IJ") denying Diallo's claims for asylum and withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). Diallo alleged persecution based on his political activities in Guinea. The IJ found Diallo was not credible and, therefore, did not demonstrate eligibility for the relief he sought. Diallo raised only his asylum and withholding of removal claims in his petition. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

■ This Court cannot consider Diallo's claim that extraordinary circumstances prevented him from timely filing his asylum application, because Diallo did not raise this claim with the BIA and, therefore, failed to satisfy, with respect to this claim, the statutory exhaustion requirement on which this Court's jurisdiction is predicated. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005). We turn, therefore, to Diallo's withholding claim.

The IJ found that Diallo was not credible, and, therefore, that he failed to establish past persecution. Although past persecution is not a separate statutory basis for granting withholding of removal as it is

for asylum, *see* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.13(b)(1)(iii), evidence of past persecution does raise a presumption of future persecution just as in the asylum analysis, *see* 8 C.F.R. § 1208.16(b)(1)(i). The IJ based the credibility finding on Diallo's "failure to provide corroboration of his alleged persecution which the Court would reasonably expect to be available." The IJ pointed specifically to Diallo's failure: 1) to produce as a witness or an affiant his U.S. citizen sister to whom he revealed the harm he underwent in Guinea when he arrived in the U.S.; 2) to produce any letters or affidavits from family members who remain in Guinea and who had direct knowledge of the harm he suffered in that country; and 3) to provide as a witness or an affiant a man with whom Diallo lived upon his arrival to the United States and who is married to Diallo's sister.

■ The IJ's adverse credibility finding is legally erroneous, because it fails to consider the evidence in the record, and it rests solely on lack of corroborating evidence. *See Yan Chen v. Gonzales*, 417 F.3d 268, 272 (2d Cir.2005) (holding that the agency must actually consider both the evidence and the argument that an applicant presents in support of his or her claim); *Diallo*, 232 F.3d at 290 (holding that "simple failure to produce any particular documentary support cannot serve as the sole basis of an adverse credibility finding").

Furthermore, the IJ's finding concerning the lack of corroborating evidence violates the standard set forth, most recently, in *Cao He Lin v. United States Dep't of Justice*, 428 F.3d 391, 401, 405 (2d Cir. 2005) (holding that to deny a refugee claim because of insufficient collaboration, the agency must identify the missing documentation, show why it was reasonably

available, and assess the applicant's reasons for failing to provide the evidence). With respect to Diallo's sister, when Diallo was asked by the government why his sister was not in court to testify, he responded, "I really don't know why she didn't come. I don't know." While Diallo's response might be otherwise insufficient, the IJ never explained why Diallo's sister was reasonably available to testify or to submit an affidavit, and the IJ never assessed Diallo's response. Concerning letters or affidavits from family members in Guinea, when Diallo was asked why he did not ask his family to send a statement that he could submit into evidence, he responded, "[n]o I do not ask because no one told me that I had to submit something like that." However, the IJ neither showed why such material was reasonably available to Diallo, nor why his explanation was insufficient. Concerning the man with whom Diallo lived when he arrived in the United States, Diallo was never asked during the hearing why the man did not testify or submit an affidavit.

■ The IJ also found that Diallo failed to cite "country conditions" to show that it is more likely than not he would be persecuted if returned to Guinea. The IJ found that the Country Reports show "Fulanis are the majority ethnic group and ethnic tensions exist between all the ethnic groups in Guinea, and all practice discrimination based on their strongly held ethnic ties." This finding is predicated on legal error. The IJ must actually consider the evidence that Diallo presented. *See Yan Chen*, 417 F.3d at 272. Not only did the IJ ignore various articles and reports that Diallo submitted into the record, but her references from the Country Reports do not, without more, discredit Diallo's claim that it is more likely than not he would be persecuted in Guinea.

For the foregoing reasons, we grant the petition in part and deny it in part, vacate the BIA's decision in part, and remand to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).